# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LUEDTKE, | CASE NO. 1:09-cv-01735-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Kenneth Luedtke, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 2, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.     Plaintiff's Eighth Amendment Medical Care Claim**

 **A.     Allegations**

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) and he is incarcerated at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California, where the events at issue in this action occurred.

Plaintiff arrived at SATF on March 20, 2009, with a lower back injury. Plaintiff was seen by a pain management specialist, who did an MRI and made treatment recommendations for Plaintiff's pain. Defendant Dr. Tong refused to consider the outside medical information pertaining to Plaintiff's injury and CDCR refuses to treat Plaintiff's back injury. In addition to lack of treatment for his back pain, Plaintiff appears to allege that he has not been provided with a hearing aid, leaving him in danger because he cannot hear or get down on the ground when ordered to do so.

Plaintiff seeks to impose liability under section 1983 on CDCR, Dr. Tong, Registered Nurse Ruff, Nurse Practitioner Gross, the warden of SATF, and the medical department at SATF. Plaintiff seeks both damages and an injunction mandating the provision of medical care.

**B.     Linkage Deficiencies**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

To state a claim, Plaintiff must set forth sufficient facts linking one or more prison employees to the knowing disregard of a serious risk of harm to his health. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994).  Plaintiff's conclusory allegation that he had a back injury and a hearing problem for which he was not provided treatment is insufficient to support a claim.  Plaintiff must link each named defendant to acts or omissions that rise to the level of deliberate indifference.  Further, the failure to follow a treatment plan created by another doctor is not, without more, sufficient to state a claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Plaintiff will be permitted leave to amend.

In amending, Plaintiff shall take note that CDCR may not be held liable under section 1983 because the state and its agencies are immune from suit. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  The medical department is also not a proper defendant.  Plaintiff must name the individuals responsible for the violation of his rights and may not seek to impose liability on an entire department made up of unspecified individuals. Jones, 297 F.3d at 934.

Finally, the warden may not be held liable based on his position in the prison hierarchy, and he may only be held liable for his own misconduct. Iqbal, 129 S.Ct. at 1948-49. The warden is a proper defendant only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

**III.    Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.   Plaintiff's complaint, filed October 2, 2009, is dismissed for failure to state a claim upon which relief may be granted;

4

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 27, 2011**               /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE